UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL DARRYL SWAIN (#16771)                                CIVIL ACTION

VERSUS

CHERYL SMITH, ET AL.                                      NO.: 12-00655-BAJ-SCR

RULING AND ORDER

On March 13, 2013, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Plaintiff Paul Swain's complaint be dismissed without prejudice for failure to pay the court's filing fee. (Doc. 9.) On November 7, 2012, Plaintiff was ordered to pay an initial partial filing fee by November 30, 2012. (Doc. 5.) Plaintiff did not pay the fee. The Magistrate Judge subsequently issued a show cause order on March 8, 2013 to ascertain why the Court should not dismiss Plaintiff's complaint for failure to pay the fee. (Doc. 8.) Plaintiff did not respond to the show cause order.

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 9, at 1.) A review of the record indicates that Plaintiff did not file a memorandum in opposition to the Magistrate Judge's Report and Recommendation. The record further

indicates that the Report and Recommendation, which was forwarded to Plaintiff at his address of record, was returned to the Court as undeliverable, with a notation on the envelope that indicates "Return to Sender Attempted Not Known Unable to Forward." (Doc. 10.)

Pursuant to Local Rule 41.2, the failure of a pro se litigant to keep the Court apprised of a change of address may constitute cause for dismissal for failure to prosecute when a notice has been returned to the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty days. In such instance, the imposition of a sanction against Plaintiff is appropriate, and a sanction less severe than dismissal is neither feasible nor warranted. Indeed, if the Court were to impose a less severe sanction, there would be no means by which to give Plaintiff notice of the sanction. A sanction which is unknown to the sanctioned party and cannot be enforced is no sanction at all.

Having carefully considered Plaintiff's complaint, the Magistrate Judge's Report, the record, and the applicable law, the Court concludes that the Magistrate Judge's Report is correct, and hereby adopts its findings of fact, conclusions of law, and recommendation. In the alternative, Plaintiff's complaint is dismissed for his failure to prosecute. *See* L.R. 41.2.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 9)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHERED ORDERED** that Plaintiff Paul Swain's complaint is **DISMISSED,** without prejudice, for failure to pay the Court's filing fee and, in the alternative, for Plaintiff's failure to prosecute, in contravention of Local Rule 41.2.

Baton Rouge, Louisiana, this 13th day of November, 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**